# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED RENTALS, INC., *et al.*,<br>    *Plaintiffs*,<br><br>            v.<br><br>JOSEPH SLEYKO,<br>    *Defendant*. | No. 3:18-cv-00816 (JAM) |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

This is a lawsuit by an employer against a former employee to enforce a so-called "non-compete" agreement. A non-compete agreement is an agreement between an employer and an employee that bars or limits an employee from working for a competing business if the employee stops working for the employer. *See Datto, Inc. v. Falk*, 2018 WL 1307633, at *1 (D. Conn. 2018).

The plaintiffs here are two related companies, United Rentals, Inc., and United Rentals (North America), Inc. ("United"). Both companies are incorporated in Delaware and have their principal place of business in Stamford, Connecticut. United's business involves the rental and sale of equipment including diesel and electric pump systems throughout the United States.

The defendant here is Joseph Sleyko ("Sleyko"). He began working as an outside sales representative for United about two-and-a-half years ago. Most recently, he was based out of United's branch in Channahon, Illinois. Sleyko's employment with United was governed by an employment agreement that includes certain non-compete provisions.

On May 7, 2018, Sleyko unexpectedly resigned from United in order to work for one of United's competitors. United has now filed this lawsuit seeking to enforce its non-compete with Sleyko. United seeks a temporary restraining order ("TRO") as well as a preliminary injunction.

1

United's application for a TRO would allow Sleyko to continue to work for the competition but it would bar him from working with any prior or prospective customers of United, from using or disclosing any of United's confidential information, and from soliciting or encouraging any of United's employees to leave United.

I declined to grant an *ex parte* TRO but instead ordered the parties to submit expedited briefing. I have now reviewed the parties' filings and conclude that a TRO should enter in United's favor pending a hearing and determination of United's motion for a preliminary injunction. *See Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1124 (2d Cir. 1989) (noting limited purpose of temporary restraining order to preserve status quo pending preliminary injunction hearing).

Although the factual record for a court's consideration of a TRO is ordinarily less developed than for a preliminary injunction, the underlying standards that govern the grant or denial of a TRO are the same as for a preliminary injunction. *See Local 1814, Intern. Longshoremen's Ass'n, AFL–CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Accordingly, United must show (1) irreparable harm, (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring United, and (3) that a preliminary injunction is in the public interest. *See N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

It looks to me like United has made this initial showing, although I need not engage in a factor-by-factor analysis, because Sleyko does not oppose United's request for a TRO except to the extent that it would bar Sleyko's dealings with about 180 customers or other companies with whom he asserts he had a prior business relationship before beginning his employment with United. I don't agree with this proposed limitation for substantially the reasons explained by

2

United. Most significantly, the parties' non-compete agreement does not admit of any exception for customers whose relationship with Sleyko happened to pre-date his employment with United.

Accordingly, I now enter the following temporary restraining order to remain in effect until a preliminary injunction hearing and without prejudice to reconsideration in the event of any changed circumstances. Defendant Joseph Sleyko is enjoined and temporarily restrained from:

(a) Soliciting or accepting the business of, or calling upon, any person or entity who is or who was an actual or prospective customer of United or with whom United had or pursued a business relationship at any time during the 12-month period immediately preceding the termination of Sleyko's employment with United, if such communication is done for the purpose of providing or obtaining any product or service reasonably deemed competitive with any product or service then offered by United;

(b) Using or disclosing United's trade secrets and confidential information; and

(c) Soliciting United employees or encouraging United employees to leave United.

The parties are requested to confer concerning scheduling for a preliminary injunction hearing and to submit a proposed schedule for any discovery and hearing by June 8, 2018.

It is so ordered.

Dated at New Haven this 4th day of June 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge